B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Illinois
**Case No. 09–27980**
**Chapter 7**

In re: Debtor (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

   Steven Braverman
   2319 Georgetown Cir
   Aurora, IL 60503

Social Security / Individual Taxpayer ID No.:
   xxx–xx–7334

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

FOR THE COURT

Dated: <u>November 16, 2009</u>　　　　　　　　　　<u>Kenneth S. Gardner, Clerk</u>
　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# CERTIFICATE OF NOTICE

```
District/off: 0752-1          User: dgomez                Page 1 of 1          Date Rcvd: Nov 16, 2009
Case: 09-27980                Form ID: b18                Total Noticed: 14

The following entities were noticed by first class mail on Nov 18, 2009.
db           +Steven Braverman,    2319 Georgetown Cir,    Aurora, IL 60503-6712
aty          +Jeffrey S Harris,    1701 S First Avenue,    Suite 202,    Maywood, IL 60153-2400
tr           +Bradley J Waller,    Klein Stoddard Buck Waller & Lewis LLC,    2045 Aberdeen Court,
               Sycamore, IL 60178-3140
14256224      Attorneys Serving You LLC,    1701 S First Ave Suite 202,    Maywood, IL  60153-2400
14256223     +Braverman Steven,    2319 Georgetown Cir,    Aurora, IL 60503-6712
14256226     +Devry Inc,   1 Tower Ln Ste 1000,    Oakbrook Terrace, IL 60181-4663
14256227     +Dupage County Public Works,    2319 Georgetown Circle,    Aurora, IL 60503-6712
14256229    ++HSBC BANK,    PO BOX 52530,    SCHAUMBURG IL 60196-0001
             (address filed with court:  Hsbc Bank,    Po Box 52530,    Carol Stream, IL  60196)
14256230     +Merchants Cr (original Creditor:med,    223 W Jackson St Suite 900,    Chicago, IL 60606-6912
14256231     +Prometheus Laboratories,    P.O. Box 7738,    San Francisco, CA 94120-7738
14256232     +Us Dept Of Education,    501 Bleecker St,    Utica, NY 13501-2401
14256233    ++WACHOVIA DEALER SERVICES INC,    BK DEPARTMENT,    PO BOX 19657,    IRVINE CA 92623-9657
             (address filed with court:  Wfs wachovia Dealer Sv,    Po Box 1697,    Winterville, NC  28590)

The following entities were noticed by electronic transmission on Nov 16, 2009.
14256225     +EDI: CAPITALONE.COM Nov 16 2009 19:23:00      Cap One,    Po Box 85015,    Richmond, VA 23285-5015
14256228      EDI: FUNB.COM Nov 16 2009 19:23:00      Homeq Servicing,    Po Box 13716,    Sacramento, CA  95853
                                                                                                 TOTAL: 2

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Nov 18, 2009**                    **Signature:**    _Joseph Speetjens_